**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ASK Chemicals LP<br>5200 Blazer Parkway<br>Dublin, Ohio 40317, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 2:12-cv-68<br>) |
| Computer Packages Inc.<br>414 Hungerford Drive<br>Rockville, Maryland  20850, | ) DISTRICT JUDGE _____<br>)<br>) MAGISTRATE JUDGE _____ |
| and | )<br>)<br>) |
| Computer Packages Inc.<br>c/o Jerrola A. Van Winter, Sr.<br>Resident Agent<br>24 Courthouse Square<br>Rockville, Maryland  20850 | )<br>)<br>)<br>)<br>) |
| and, | )<br>)<br>) |
| John Does 1-10, | )<br>) |
| Defendants. | ) |

**COMPLAINT**
**(Jury Demand Endorsed Hereon)**

Plaintiff, ASK Chemicals LP ("ASK"), alleges and states to the Court:

**THE PARTIES**

1.  Plaintiff ASK Chemicals LP is limited partnership formed under the laws of the state of

Delaware with a principal place of business in Dublin, Ohio.

2.  Defendant Computer Packages Inc. ("CPI") is a corporation formed under the laws of the

state of Maryland with a principal place of business in Rockville, Maryland.

3.     John Does 1-10 are agents and/or employees of CPI whose true names and capacity are

unknown to ASK.  When the true identities of John Does 1-10 are ascertained, ASK will amend

this Complaint to identify them.

**JURISDICTION AND VENUE**

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the value of

the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between

citizens of different States.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) at least insofar as a

substantial part of the events or omissions giving rise to the claims occurred, or a substantial part

of the property that is the subject of the action is situated in this district, and/or CPI is subject to

personal jurisdiction in this judicial district at the time this action commenced.

**FACTS**

6.     On April 30, 2002, Japanese Patent No. 3278168 (the "Patent") entitled, "Sleeves, Their

Preparation and Use" issued.

7.     Effective on or about November 30, 2010, all right, title, and interest in the Patent was

duly and properly assigned to ASK Chemicals LP.

8.     CPI holds itself out to "have unique capabilities to help you reduce cost of patent,

trademark and annuity management. Our exclusive patent audit service improves your ability to

manage acquisitions and/or divestitures efficiently."

http://www.computerpackages.com/index.asp.

9.     CPI describes its services as:

> **Annuity Service**
> 1. Unique use of patent office electronic data to check your data. This
> significantly reduces your risk of patent loss. CPI clients do not require

restorations due to number and date errors. Other suppliers require many
restorations, thereby greatly increasing your risk and cost.
2. Paperless annuity management improves your efficiency of annuity
management and saves cost with improved reviews.

http://www.computerpackages.com/about.asp.

10.     At least as early as 2006, ASK (or its predecessor in interest in the Patent) contracted

with CPI to, among other things,  timely pay on its behalf the annuities due and owing under

Japanese law in order to keep the Patent in good standing and enforceable.

11.     ASK  relied on CPI's stated annuity service expertise, ultimately to its detriment.

12.     CPI timely and properly paid the first through eighth year annuities for the Patent.

13.     CPI negligently failed to timely pay the ninth year annuity for the Patent.

14.     ASK was unaware of the failure to pay the ninth year annuity until the tender of the tenth

year annuity was refused by the Japanese Patent Office.

15.     As a direct and proximate result of CPI's negligence, on February 15, 2010, the Patent

lapsed under Japanese law for non-payment of the ninth year's annuity, and the Patent Register

on the Patent was closed.

16.     As a direct and proximate result of CPI's negligence, ASK has been deprived the benefits

of the Patent through the anticipated life of the patent, March 21, 2017.

17.     As a direct and proximate result of CPI's negligence, ASK will suffer damages in excess

of $75,000, and in a final amount which the court deems just.

### COUNT I -- BREACH OF CONTRACT

18.     ASK incorporates the allegations contained in the preceding paragraphs as if fully

rewritten herein.

3

19.     ASK (or its predecessor in interest in the Patent) and CPI entered into a contract whereby CPI was to provide services related to the Patent including the timely payment of the Japanese annuity fees.

20.     CPI breached its contract when it negligently failed to timely pay the ninth year annuity payment resulting in lapse of the Patent.

21.     As a direct and proximate result of CPI's breach of contract, ASK has been damaged in excess of $75,000, and in a final amount which the court deems just.

## COUNT II -- BREACH OF IMPLIED-IN-FACT CONTRACT

22.     ASK incorporates the allegations contained in the preceding paragraphs as if fully rewritten herein.

23.     ASK (or its predecessor in interest in the Patent) hired CPI for a specific purpose:  to provide services related to the Patent including the timely payment of Japanese annuity fees.

24.     ASK paid CPI fees for services as well as funds for payment for the required annuities.

25.     As a result of this relationship, ASK entered into an implied-in-fact contract with CPI whereby CPI was to provide the required services, and ASK would pay for those services.

26.     CPI breached its implied-in-fact contract when it negligently failed to timely pay the ninth year annuity payment resulting in lapse of the Patent.

27.     As a direct and proximate result of CPI's breach of the implied-in-fact contract, ASK has been damaged in excess of $75,000, and in a final amount which the court deems just.

   **WHEREFORE**, ASK requests that the Court order:

   a.  That CPI was negligent and breached its contract with ASK;

   b.  That compensatory, consequential, direct, expectancy, general, incidental, prospective, and/or proximate damages be awarded to ASK in an amount to be determined at trial; and

   c.  That its costs, expenses, and attorneys' fees associated with this action be awarded to

ASK together with all other and further relief as may be just and equitable.

<strong><u>DEMAND FOR A JURY TRIAL</u></strong>

     ASK demands a trial by jury of all issues triable by a jury in this case as a matter of right.

Respectfully submitted,

STANDLEY LAW GROUP LLP

 /s/ Jeffrey S. Standley
Jeffrey S. Standley (Ohio Bar No. 0047248)
F. Michael Speed, Jr. (Ohio Bar No. 0067541)
Beverly Marsh (Ohio Bar No. 0080935)
Nita L. Hanson (Ohio Bar No. 0084342)
6300 Riverside Drive
Dublin, Ohio 43017
Telephone:  (614) 792-5555
Facsimile:   (614) 792-5536
Email: litigation@standleyllp.com

Attorneys for Plaintiff, ASK Chemicals LP